Eustacio Mercado, Plaintiff and Appellant, v. Agustín Vázquez et al., Defendants and Appellees.

No. 5292. Argued January 16, 1931.—Decided January 21, 1931.

*Armando A. Miranda* for appellant. *Isaías M. Crespo* and *José E. Díaz* for appellees.

Mr. Justice Texidor delivered the opinion of the Court.

In the case of *Antelo* v. *Yabucoa Sugar Co. et al.*, 33 P.R. R. 100, two causes of action had been stated—one, against Yabucoa Sugar Co., to annul a deed of sale of a rural property; and the other, in the event of the suit against the

Yabucoa Sugar Co. being dismissed, against the Succession of Emilio Colón directing the payment to the plaintiff of a certain sum as damages. The district court sustained a demurrer for misjoinder of causes of action interposed by the defendants, and this court, on appeal, upheld the action of the lower court and affirmed its decision, which apparently was based on a paragraph of its opinion reading as follows:

"A plaintiff may join various actions in a single complaint when they all originate, among other cases, from claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same, *but the causes of action so united belong to one only of these classes and must affect all the parties to the action, and must be separately stated.* Sec. 104, Code of Civil Procedure, Carlo v. Ferrer et al., 27 P.R.R. 203."

A similar case is now presented. The appellant herein sued José Díaz Acosta and Agustín Vázquez and alleged that in a certain suit Vázquez had made a certain piece of property appear as belonging to Gabino Ramírez and had caused it to be sold at public auction with the result that it was awarded to Díaz Acosta, who occupies it; and that said property belongs to the plaintiff. He further alleged that the malicious acts of defendants Vázquez and Díaz had caused him damages, which he estimated at a certain sum. He prayed that the attachment, the public sale, the awarding and the deed of conveyance of the property be declared null and void; that the said property be restored to the plaintiff, and that the defendants be adjudged to pay damages in the sum of one thousand dollars. The defendants demurred to the complaint on the grounds of insufficiency and misjoinder of causes of action, and the district court sustained the second of these two grounds. The plaintiff then moved for judgment, which was rendered and from which the present appeal has been taken based on the claim that the court erred in deciding the demurrer.

The ruling made in the case cited at the beginning of this opinion is sufficient for our conclusion that the error assigned was not committed.

The judgment appealed from must be affirmed.